**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
CENTER FOR BIOLOGICAL DIVERSITY,         )
                                                    )
              Plaintiff,                            )
                                                    )
       v.                                           )          Case No. 1:18-cv-1375 RDM
                                                    )
DAVID BERNHARDT, in his official capacity as   )
Acting Secretary of the U.S. Department of the   )
Interior, *et al.*,                                 )
                                                    )
              Defendants.                           )
_____)

**MOTION TO EXTEND THE STAY IN PROCEEDINGS**

       Federal Defendants respectfully request that the Court extend the stay of proceedings in

this case until May 24, 2019. Plaintiff challenges the U.S. Fish and Wildlife Service's (FWS)

alleged failure to timely designate critical habitat for the spring pygmy sunfish, which is listed as

a threatened species under the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq*. FWS is

at present working on the designation, which was recently reopened for public comment due to

the discovery of the species in a new area, and the agency expects to complete the designation

and submit it to the Federal Register in late May 2019. As described in greater detail below and

in the attached declaration, the interests of judicial economy, prudence, and comity would be

served by pausing the litigation pending the submission of the final critical habitat designation.

       Pursuant to Local Rule 7(m), counsel for Federal Defendants conferred with counsel for

Plaintiff regarding this motion. Plaintiff's counsel indicated that Plaintiff opposes this motion.

## BACKGROUND

On April 9, 2018, Plaintiff Center for Biological Diversity submitted a notice of intent to sue to FWS for its alleged failure to timely designate critical habitat for the spring pygmy sunfish, which was listed as a threatened species on October 2, 2013. 78 Fed. Reg. 60,766 (Oct. 2, 2013). FWS responded by letter dated June 4, 2018, in which it indicated its intent to complete the critical habitat designation by January 31, 2019. Exhibit A. The letter also stated that information regarding the discovery of the spring pygmy sunfish in a new area would require reopening of the proposed designation for public comment. *Id.*

On June 11, 2018, Plaintiff filed its complaint, alleging Federal Defendants violated the ESA and/or the Administrative Procedure Act (APA) by missing the statutory deadline to designate critical habitat for the spring pygmy sunfish. ECF No. 1 ¶¶ 50-54. On August 24, 2018, Federal Defendants filed an unopposed motion to stay proceedings until January 31, 2019 to allow the agency time to reopen the proposed critical habitat designation, consider public comment, and issue a final rule. ECF No. 8. The Court granted the unopposed motion to stay proceedings on August 27, 2018.

FWS had planned to reopen the comment period in late summer 2018 to obtain public comment on a proposed expansion of the critical habitat to include a unit covering an additional 303 acres. *See* Declaration of Gary Frazer (Frazer Decl.) ¶ 43, Exhibit B. This schedule would have allowed FWS to finalize the designation by January 2019; however, the notice of reopening of the comment period was unexpectedly delayed in the clearance process for approximately three months. *Id.* FWS was not able to reopen the proposed critical habitat designation until November 5, 2018. 83 Fed. Reg. 55,341. The comment period closed on December 5, 2018, and FWS biologists began evaluating the comments received. *See id.*

At the end of the day on December 21, 2018, the appropriations act that had been funding the Department of the Interior, and therefore FWS, expired and appropriations lapsed. On January 23, 2019, Federal Defendants filed a motion for stay in light of the lapse of appropriations. ECF No. 9. On January 24, 2019, the Court stayed the case until further order of the Court and ordered the parties to meet and confer and submit a joint status report within 14 days of the restoration of agency appropriations. On January 28, 2019, Federal Defendants filed a notice of restoration of appropriations, ECF No. 10, and the parties filed a joint status report on February 8, 2019. ECF No. 11.

FWS has continued to work toward completing the designation since the restoration of appropriations and expects the draft final rule to reach Headquarters by the end of this month. *See* Frazer Decl. ¶ 46. Because the briefing and clearance process will take three months, FWS expects to send the final rule to the Federal Register for publication by May 24, 2019. *Id.* ¶¶ 31, 46.

## ARGUMENT

FWS's intention to complete the critical habitat designation for the spring pygmy sunfish in the near future "counsel[s] the court to stay its hand" and decline to adjudicate Plaintiff's claim. *City of New York v. Baker*, 878 F.2d 507, 509-10 (D.C. Cir. 1989) (quoting *Chamber of Commerce v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980)). Plaintiff's sole claim for relief, which alleges that Federal Defendants missed the statutory deadline to designate critical habitat, will be moot when the FWS issues its final rule in three months. Thus, considerations of judicial economy, prudence, and comity weigh in favor of extending the stay of proceedings in this case.

Extending the stay would conserve judicial resources. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power "may be appropriately exercised where a separate proceeding bearing upon the case is pending," and this "rule applies whether the separate proceedings are judicial, administrative, or arbitral in character." *Hulley*, 211 F. Supp. 3d at 276 (citations omitted).

Here, the Court's resources would be conserved if it allows FWS to complete its rulemaking because the final rule will moot Plaintiff's sole claim in the Complaint. *See, e.g.*, *Oceana, Inc. v. Bryson*, No. 08-cv-1881, 2012 WL 13060013, at *2 (D.D.C. Mar. 22, 2012) (concluding that a brief stay "is warranted because it will conserve the resources of the Court and ultimately lead to a narrowing or elimination of at least some of the issues in dispute in this case."); *see also Nat'l Wildlife Fed'n v. U.S. EPA*, 925 F.2d 470, 472 (D.C. Cir. 1991) (noting that the court had stayed the case because the agency procedures "carried the prospect of mooting the procedural attacks and of changing the substance to be reviewed").

Staying proceedings through May 24, 2019, will make little, if any, difference for the status of the species, which is already listed as threatened under the ESA. Frazer Decl. ¶ 36. As a result of the listing and the application of the Service's 4(d) rule at 50 C.F.R. § 17.31, any take is prohibited under Section 9 of the ESA unless authorized through a Section 10 permit to a non-federal party, and Section 7 requires consultation for federal agency actions that may affect listed species. *See* Frazer Decl. ¶ 36. Additionally, the spring pygmy sunfish is currently the subject of three Candidate Conservation Agreements with Assurances, which involve commitments by

landowners to undertake conservation actions that result in a net conservation benefit for the species. *Id.* ¶ 34. Finally, FWS has learned that an automobile manufacturer has entered into an agreement with CBD that will help protect spring pygmy sunfish habitat near a planned automobile plant. *Id.* ¶ 35. Given these protections, an extension of the stay for a little more than three months will not unduly prejudice Plaintiff or efforts to protect the spring pygmy sunfish.

The Court should also extend the stay in this case based on prudential considerations. As the D.C. Circuit has noted, "courts have developed principles, which are closely related to the Article III mootness doctrine, guiding their discretion to forego decision on the merits in some circumstances actually leaving them with power to act." *Cmty. For Creative Non-Violence v. Hess*, 745 F.2d 697, 700 (D.C. Cir. 1984) *see also Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs*, 62 F. Supp. 3d 1, 4, (D.D.C. 2014) ("The doctrine of prudential mootness refers to the discretion enjoyed by federal courts in exercising their Article III powers."). These circumstances arise when "a controversy, not actually moot, is so attenuated that considerations of prudence and comity for coordinate branches of government" warrant withholding relief. *City of New York*, 878 F.2d at 509-10 (quoting *Chamber of Commerce*, 627 F.2d at 291). An "attenuated" controversy exists here because the final rule will soon be completed.

Similarly, considerations of comity weigh in favor of a stay to allow FWS to complete its internal review process. *See City of New York*, 878 F.2d at 509-10. In the attached declaration, Gray Frazer, Assistant Director for FWS's Ecological Services, explains the steps in FWS's review process. Frazer Decl. ¶¶ 20-31. These steps ensure that the designation is based on the best available scientific information and is consistent with FWS's national policy.

If the Court grants the requested stay through May 24, 2019, Federal Defendants will notify the Court within two business days after the agency submits the critical habitat designation

to the Office of the Federal Register. Federal Defendants propose that, within 14 days after they notify the Court that the final rule designating critical habitat has been submitted to the Federal Register, the parties file a joint status report with their proposal for any further proceedings in this case.

For the reasons stated above, Federal Defendants respectfully request that the Court extend the stay of proceedings in this case until May 24, 2019.


Dated:  February 22, 2019                    Respectfully submitted,

                                             JEAN E. WILLIAMS
                                             Deputy Assistant Attorney General
                                             SETH M. BARSKY
                                             Chief
                                             MEREDITH L. FLAX
                                             Assistant Section Chief

                                             */s/ Frederick H. Turner*
                                             FREDERICK H. TURNER
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Environment and Natural Resources Division
                                             Wildlife and Marine Resources Section
                                             Ben Franklin Station, P.O. Box 7611
                                             Washington, D.C. 20044-7611
                                             Phone: (202) 305-0641
                                             Fax: (202) 305-0275
                                             Email: frederick.turner@usdoj.gov

                                             *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2019, I electronically filed the foregoing with the

Clerk of the Court for the United States District Court for the District of Columbia by using the

CM/ECF system, which will serve a copy of the same on the counsel of record.

> */s/ Frederick H. Turner*
> FREDERICK H. TURNER
> Trial Attorney
> U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, D.C. 20044-7611
> Phone: (202) 305-0641
> Fax: (202) 305-0275
> Email: frederick.turner@usdoj.gov
>
> *Attorney for Federal Defendants*