IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID BERNHARDT, in his official capacity as ) <br> Acting Secretary of the U.S. Department of the ) <br> Interior, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:18-cv-1375 RDM |

**REPLY IN SUPPORT OF MOTION TO EXTEND
THE STAY IN PROCEEDINGS**

On February 22, 2019, Federal Defendants requested that this Court extend the stay of proceedings in this case until May 24, 2019. ECF No. 12. Plaintiff has filed a combined opposition to this motion and motion for summary judgment.[1] ECF Nos. 15, 17. But Plaintiff's filings offer only a cursory response to Federal Defendants' substantive arguments that a pause in this litigation would serve the interests of judicial economy, prudence, and comity. Instead of a detailed response, Plaintiff proposes, through its motion for summary judgment, that the Court should decide the merits of the case, which involves the U.S. Fish and Wildlife Service's (FWS) alleged failure to timely designate critical habitat for the spring pygmy sunfish, and issue an order requiring FWS to submit a final rule to the Federal Register by May 31, 2019. ECF No. 15. Contrary to Plaintiff's assertion that this approach would conserve time and resources, ECF No.

---

[1] Federal Defendants will file a separate response to Plaintiff's Motion for Summary Judgment. *See* ECF No. 15.

15-1, the briefing (and potentially arguing) of the merits would require *more* time and resources for both the Court and the parties.

As discussed in Federal Defendants' motion, an extension of the stay in the proceedings would conserve judicial resources because allowing FWS to complete the rulemaking will moot Plaintiff's only claim and thus "eliminate[e] . . . the issue[] in dispute in this case." *Oceana, Inc. v. Bryson*, No. 08-cv-1881, 2012 WL 13060013, at *2 (D.D.C. Mar. 22, 2012). Plaintiff's response simply states, without any explanation, that the requested extension will provide "no clear benefit or an efficient use of judicial economy." ECF No. 17, at 1. The Court should reject Plaintiff's barebones retort, which fails to address the argument that the publication of the final rule will moot the case.

Unable to rebut Federal Defendants' arguments supporting a stay, Plaintiff suggests that granting its summary judgment motion will "conserve the Court's [and] the Parties' time and resources by mooting Defendants' request for more delay." *Id.* Although a favorable decision for Plaintiff would likely obviate the need for a stay, Plaintiff's assertion overlooks the fact that to reach such a decision, the parties would need to complete the briefing (and potentially argue) the merits of the case and the Court would need to decide the case. Plaintiff's approach is far less likely to conserve resources, and thus, the consideration of judicial economy supports extending the stay.

In addition, "considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand." *City of New York v. Baker*, 878 F.2d 507, 509-10 (D.C. Cir. 1981). The controversy in this case is "attenuated" because FWS will soon complete the final rule and thus moot the claim. *Id.* Moreover, allowing the agency to complete its process will ensure that the designation is based on the best available scientific information. That

information includes the newly discovered population of spring pygmy sunfish, which led to the most recent reopening of the public comment period. 83 Fed. Reg. 55,431 (Nov. 5, 2018).

Lastly, the requested extension will make little, if any different to the status of the species because it is already listed as threatened under the Endangered Species Act. *See* ECF No. 12, at 4-5 (citing Declaration of Assistant FWS Director Gary Frazer). Plaintiff effectively concedes this point because it requests an order from this Court compelling FWS to complete the final rule by May 31, 2019 – seven days after FWS's proposed date.

Accordingly, Federal Defendants respectfully request that the Court grant their motion to extend the stay until May 24, 2019.

Dated:  March 26, 2019               Respectfully submitted,

                                     JEAN E. WILLIAMS
                                     Deputy Assistant Attorney General
                                     SETH M. BARSKY
                                     Chief
                                     MEREDITH L. FLAX
                                     Assistant Section Chief

                                      */s/ Frederick H. Turner*
                                     FREDERICK H. TURNER
                                     Trial Attorney
                                     U.S. Department of Justice
                                     Environment and Natural Resources Division
                                     Wildlife and Marine Resources Section
                                     Ben Franklin Station, P.O. Box 7611
                                     Washington, D.C. 20044-7611
                                     Phone: (202) 305-0641
                                     Fax: (202) 305-0275
                                     Email: frederick.turner@usdoj.gov

                                     *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

    */s/ Frederick H. Turner*
FREDERICK H. TURNER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0641
Fax: (202) 305-0275
Email: frederick.turner@usdoj.gov

*Attorney for Federal Defendants*